[Cite as *State ex rel. Papp v. Spellacy*, 2026-Ohio-3121.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, EX REL.  :
TIMOTHY PAPP,

      :

      Relator,

      :         No. 116583

      v.

      :

HON. JOHN J. SPELLACY, JUDGE,

      :

      Respondent.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** PETITION DISMISSED
**DATED:** August 12, 2026

---

Writ of Prohibition
Motion No. 597159
Order No. 598055

---

### *Appearances:*

Timothy Papp, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Craig M. McClelland, Assistant Prosecuting Attorney, *for respondent.*

MICHAEL JOHN RYAN, P.J.:

{¶ 1} Relator Timothy Papp ("Papp"), pro se, asks this court to issue a writ of prohibition that (1) bars the respondent Judge John J. Spellacy

(the "respondent") and the state from exercising jurisdiction over him in any case, (2) dismisses his indictment in Cuyahoga C.P. No. CR-25-704425-C with prejudice, (3) orders the recusal of respondent and disqualification of the Cuyahoga County Prosecutor's Office, and (4) refers the matter to the U.S. Attorney's Office and the Ohio Supreme Court for a conspiracy investigation.

{¶ 2} For the following reasons, this court grants the respondent's dispositive motion and dismisses Papp's petition for a writ of prohibition.

## I. Procedural and Factual History[1]

{¶ 3} On August 20, 2025, Papp was named in a multiple count indictment with his codefendants, Peter Papp and Timothy Papp, II, in Case No. CR-25-704425-C.[2] Relevant here, the indictment identified Papp as "Timothy Papp, Sr.," and charged him with a single count of having weapons while under disability. (Count 8).

{¶ 4} Following a pretrial held on March 11, 2026, the trial court granted the State's motion to amend the indictment to reflect Papp's legal name, "Timothy

---

[1] As this court is permitted to do, the facts and procedural history are derived, in part, from court filings that are publicly available on the internet. *See, e.g.*, *State ex rel. Fischer Asset Mgt., L.L.C. v. Scott*, 2023-Ohio-3891, ¶ 3, fn. 1 (8th Dist.) (observing, in original action, that "[t]his court is permitted to take judicial notice of court filings that are readily accessible from the internet"); *Patterson v. Cuyahoga Cty. Common Pleas Court*, 2019-Ohio-110, ¶ 2, fn. 1 (8th Dist.) (setting forth procedural history relevant to an original action based on review of "publicly available dockets"), citing *Cornelison v. Russo*, 2018-Ohio-3574, ¶ 8, fn. 2 (8th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8.

[2] Papp was initially indicted on January 27, 2025, in Cuyahoga C.P. No. CR-25-698734-C. Following Papp's reindictment in Case No. CR-25-704425-C, the original indictment was dismissed without prejudice.

Papp." Accordingly, the indictment was amended to remove the "Sr." designation from Papp's name in Count 8 of the indictment. Despite this corrective action, Papp subsequently filed a pro se motion to dismiss pursuant to Crim.R. 12, raising analogous claims to those presented in this original action.

{¶ 5} On June 6, 2026, Papp commenced this prohibition action against the respondent. In pertinent part, Papp argues that the indictment's improper reference to "Timothy Papp, Sr." precluded the trial court from exercising jurisdiction over his case. Papp further asserts that he has been deprived of his Sixth Amendment right to counsel throughout the pendency of the criminal proceedings because the order appointing counsel also referred to "Timothy Papp, Sr." According to Papp, the continued prosecution of an "unindicted person" evidences the respondent and the State's conspiracy to "violate rights, commit[] fraud, and threaten[] false arrest."

{¶ 6} While this original action was pending, Papp appeared before the trial court, with counsel, and accepted the terms of a negotiated plea agreement with the State. On July 6, 2026, Papp pleaded guilty to a single count of attempted having weapons while under disability, with forfeiture specifications, as amended in Count 8 of the indictment. On the same date, the trial court sentenced Papp to a two-year term of community-control sanctions. Papp's judgment and conviction were entered before the trial court had an opportunity to rule on his pending motion to dismiss.

**{¶ 7}** On July 9, 2026, the respondent filed a motion to dismiss this prohibition action, arguing that Papp's petition fails to state a claim upon which relief can be granted. In support of the motion, respondent contends that the petition must fail, "as [Papp] has pleaded guilty to the amended indictment, thereby waiving any challenge to personal jurisdiction and voluntarily subjecting himself to the authority of the court." Respondent further asserts that Papp "maintains the adequate remedy at law by way of appeal."

**{¶ 8}** Papp did not file a brief in opposition to the motion to dismiss.

## II. Law and Analysis

## A. Standard of Review

**{¶ 9}** Original actions in prohibition ordinarily "proceed as any civil action under the Ohio Rules of Civil Procedure." Loc.App.R. 45(D)(2)(c). This case is before this court on respondents' motion to dismiss. "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 2010-Ohio-2057, ¶ 11. "Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator can prove no set of facts warranting relief." *Clark v. Connor*, 82 Ohio St.3d 309, 311 (1998). "While we must accept factual assertions as true, 'unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss.'" S*tate ex rel. Gordon v. Summit Cty. Court of*

*Common Pleas*, 2025-Ohio-2927, ¶ 8, quoting *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 12; *see also State ex rel. Sands v. Court of Common Pleas Judge*, 2018-Ohio-4245, ¶ 8 ("'[U]nsupported conclusions of a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss.'"), quoting *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994).

## B. Writ of Prohibition

{¶ 10} A writ of prohibition is an order of a superior court to an inferior one "'commanding it to cease abusing or usurping judicial functions.'" *Lundeen v. Turner*, 2020-Ohio-274, ¶ 6 (8th Dist.), quoting *State ex rel. Burtzlaff v. Vickery*, 121 Ohio St. 49, 50 (1929). A writ of prohibition generally tests the subject-matter jurisdiction of a judicial officer or one acting in a quasi-judicial capacity. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65 (1950). Moreover, the writ is an "extraordinary remedy which is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies." *State ex rel. Henry v. Britt*, 67 Ohio St.2d 71, 73 (1981); *see also Gowdy v. Reali*, 2024-Ohio-6196, ¶ 2 (8th Dist.) (A writ of prohibition "should be used with great caution and not issue in a doubtful case.").

{¶ 11} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise

judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160 (1989).

{¶ 12} In most cases, prohibition provides a preventative rather than a corrective remedy, i.e., the relator only seeks to prevent an anticipated judicial action. *State ex rel. Taylor v. Miday*, 2024-Ohio-6203, ¶ 18 (8th Dist.). Where a relator seeks a writ of prohibition to correct a past action, the relator must demonstrate that the respondent "patently and unambiguously lacked jurisdiction" to take the action of which the relator complains. *Id.* Where a court patently and unambiguously lacks jurisdiction to act, "the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition," and the relator need not establish that element. *Id.*; *see also State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, 2023-Ohio-4569, ¶ 13 ("If jurisdiction was patently and unambiguously lacking, a writ of prohibition will issue to correct a judgment issued by a court that lacked jurisdiction."). "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal." *State ex rel. Nalls v. Russo*, 2002-Ohio-4907, ¶ 18.

{¶ 13} In this case, Papp's petition suggests that the trial court patently and unambiguously exceeded its jurisdiction by proceeding with criminal proceedings against him when the criminal indictment and trial court docket referred to an unknown individual, "Timothy Papp, Sr." As previously stated, Papp contends that

as a result of these procedural errors, he, "Timothy Papp," was never indicted or appointed counsel, and was subjected to judicial misconduct and malicious prosecution during the pendency of the criminal proceedings. Thus, Papp claims that he is entitled to an order from this court that instructs the respondent to dismiss his criminal case with prejudice, and bars the refiling of criminal charges against him based on the attachment of double jeopardy.

{¶ 14} "The general term 'jurisdiction' can be used to connote several distinct concepts, including jurisdiction over the subject matter, jurisdiction over the person, and jurisdiction over a particular case." *Bank of Am., N.A. v. Kuch*ta, 2014-Ohio-4275, ¶ 18, citing *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11-12. "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *Corder v. Ohio Edison Co.,* 2020-Ohio-5220, ¶ 14. "A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case." *Kuchta* at ¶ 19. "Rather, the focus is on whether the forum itself is competent to hear the controversy." *State v. Harper*, 2020-Ohio-2913, ¶ 23. A judgment issued by a court lacking subject-matter jurisdiction is void ab initio. *State v. Reed*, 2022-Ohio-3461, ¶ 12 (2d Dist.).

{¶ 15} In contrast, "personal jurisdiction refers to the court's power to render a valid judgment against a particular individual." *State v. Henderson*, 2020-Ohio-4784, ¶ 36. "In a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused

and his plea to the charge." *Id.*, citing *Tari v. State*, 117 Ohio St. 481 (1927). If the court has jurisdiction over the case and the person, any sentence or judgment based on an error in the court's exercise of that jurisdiction is voidable. *Id.* at ¶ 37. "Generally, a voidable judgment may be set aside only if successfully challenged on direct appeal." *Harper* at ¶ 26.

{¶ 16} As mentioned, Papp pleaded guilty to a single count of attempted having weapons while under disability in Case No. CR-25-704425-C during the pendency of this original action and before this court could consider the merits of a preventative remedy. By entering a plea of guilty, Papp waived any challenge to personal jurisdiction and voluntarily subjected himself to the authority of the court. *See, e.g., In re State ex rel. Winn*, 2026-Ohio-566, ¶ 18, citing *State v. Talbott*, 2013-Ohio-534, ¶ 16 (7th Dist.) ("[A] guilty plea does waive a challenge to personal jurisdiction."). As such, Papp's jurisdictional arguments are limited to the issue of subject-matter jurisdiction, i.e. the jurisdiction commonly tested in a prohibition action. *State v. Jensen*, 2020-Ohio-1411, ¶ 22 (5th Dist.) (where defendant entered a guilty plea to the charges in the indictment, he "waived any error committed by the trial court, with the exception of subject matter jurisdiction").

{¶ 17} It is well settled that the General Assembly, through the power vested in it by Article IV, Section 4(B), of the Ohio Constitution, has given the common pleas courts original jurisdiction over "all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03. This includes subject-matter jurisdiction

over felony cases. *Smith v. Sheldon*, 2019-Ohio-1677, ¶ 8. The jurisdiction of a court of common pleas is invoked by the return of an indictment. *Click v. Eckle*, 174 Ohio St. 88, 89 (1962).

{¶ 18} In this case, Papp was named in a criminal indictment in the Cuyahoga County Court of Common Pleas, charging him with a felony offense based on an alleged criminal act occurring within Cuyahoga County. Although the indictment originally designated Papp as being "Timothy Papp, Sr.," the misnomer was corrected by order of the trial court on March 16, 2026. *See* Crim.R. 7(D) ("The court may at any time before, during, or after a trial amend the indictment . . . in respect to any defect, imperfection, or omission in form or substance . . . provided no change is made in the *name or identity of the crime charged*."). (Emphasis added.) *See also State v. Stuckman*, 2018-Ohio-4050, ¶ 56 (6th Dist.) (finding the trial court was well-within its discretion under Crim.R. 7 when it amended the indictment before trial to include the defendant's real name."). Moreover, while Papp continues to disregard the trial court's March 16, 2026 order and couches his arguments in terms of jurisdiction, the alleged defects he identifies in the indictment and docket are merely clerical errors that did not divest the trial court of subject-matter jurisdiction. *See, e.g., State v. Logan*, 2026-Ohio-2076, ¶ 18 (8th Dist.), citing *State v. Parker*, 2021-Ohio-1090, ¶ 14 (8th Dist.). Likewise, Papp's veiled allegations of deprivation of counsel, malicious prosecution, fraud, judicial misconduct, conspiracy, and prosecutorial misconduct are issues that are dependent on the rights or obligations of the parties and do not refer to the classes of cases

falling within the respondent's adjudicatory authority. *See, e.g., State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, 2023-Ohio-3534, ¶ 21 (finding that a violation of the defendant's right to counsel does not deprive the trial court of subject-matter jurisdiction any more than any other constitutional or trial error does.); *Rolfe v. Galvin*, 2006-Ohio-2457, ¶ 4 (8th Dist.) ("[B]road accusations . . . of bias, conspiracy, and corruption are insufficient to establish such a specific abrogation of a specific statute that would render an order void under Ohio law, much less deprive the judge entirely of jurisdiction over the case.").

{¶ 19} On this record, we find the respondent, as a sitting judge of the Cuyahoga County Court of Common Pleas, unquestionably possessed subject-matter jurisdiction over Papp's criminal case. *See* R.C. 2931.03; *State ex rel. Pruitt v. Donnelly*, 2011-Ohio-4203. Thus, Papp's petition fails to demonstrate a patent and unambiguous lack of jurisdiction. At the very most, Papp's claims allege error only in the trial court's exercise of its jurisdiction. This is not a proper basis upon which this court can grant prohibition relief. *See State ex rel. Schwarzmer v. Mazzone*, 2025-Ohio-1246, ¶ 13 ("If a court has subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case cannot be challenged in prohibition but instead must wait to be challenged until appeal of the final judgment."); *Harper* at ¶ 26 ("When a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void."); *State ex rel. Davic v. Franklin Cty. Court of*

*Common Pleas*, 2023-Ohio-4569, ¶ 15 (extraordinary relief is not available to attack a voidable judgment).

{¶ 20} Having determined that the trial court did not patently and unambiguously lack jurisdiction over Papp's criminal case, a writ of prohibition will not issue unless Papp can show that he lacks an adequate remedy in the ordinary course of the law. *State ex rel. Peterson v. Miday*, 2024-Ohio-2693, ¶ 22, citing *State ex rel. Elder v. Camplese*, 2015-Ohio-3628, ¶ 13.

{¶ 21} In this case, Papp did not respond to the motion to dismiss and has not otherwise disputed that he has an adequate remedy at law. Nevertheless, we find Papp has or had adequate remedies in the ordinary course of law to raise the errors to which he complains by way of motions before the trial court, direct appeal from his criminal conviction, a petition for postconviction relief, a motion to withdraw his guilty plea, or, as it relates to his conclusory allegations of judicial misconduct, filings with the Supreme Court of Ohio and/or Office of Disciplinary Counsel. *See State v. Malone*, 2024-Ohio-6195, ¶ 13 (8th Dist.), citing *State ex rel. Jerninghan v. Gaughan*, 1994 Ohio App. LEXIS 6227, *3 (8th Dist. Sept. 26, 1994); *Smith v. Warren*, 89 Ohio St.3d 467, 468 (2000) ("Appeal, not prohibition, is the remedy for the correction of errors or irregularities of a court having proper jurisdiction."). His adequate remedies at law preclude a writ of prohibition. Thus, the respondent's motion to dismiss on this basis is well taken.

{¶ 22} Based on the foregoing, we find Papp's petition fails to state a claim upon which relief can be granted in prohibition. Accordingly, this court grants the

respondent's dispositive motion and dismisses the petition for a writ of prohibition. Costs assessed against relator; costs waived. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 23} Writ dismissed.

_____
MICHAEL JOHN RYAN, PRESIDING JUDGE

DEENA R. CALABRESE, J., and
TIMOTHY W. CLARY, J., CONCUR